IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **Kristen Porter** <br> 566 Defiance Crossing <br> Defiance, OH 43512, <br><br> **Ashley Stewart** <br> 15175 Co. Rd., 424 <br> Sherwood, OH 43556, and <br><br> **Ryan Parrish** <br> 1023 Charles Street <br> Defiance, OH 43512, <br><br>              Plaintiffs, <br><br> vs. <br><br> **Credit Adjustments, Inc.** <br> c/o Michael Osborne <br> 330 Florence Street <br> Defiance, OH 43245, <br><br>              Defendant. | * * * * * * * * * * * * * * * * * * * * * | Case No: <br><br> Judge: <br><br> **COMPLAINT WITH JURY DEMAND** <br> **ENDORSED HEREON** <br><br> Greenfield, Killam, & Frank, Ltd. <br> Catherine H. Killam (0023887) <br> 3450 W. Central Avenue, Suite 370 <br> Toledo, Ohio 43606 <br> Tele: (419) 724-8211 Fax: (419) 724-8214 <br> E-Mail: ckillam@gkflaw.com <br><br> *Counsel for Plaintiffs.* |

\* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiffs Kristen Porter, Ashley Stewart and Ryan Parrish as and for their Complaint against Defendant Credit Adjustments, Inc. ("CAI"), state the following.

## INTRODUCTION

1. This is an action to remedy violations of the rights of Kristen Porter, Ashley Stewart and Ryan Parrish under Title VII of the Civil Rights Act of 1964, §701 et seq., 42 U.S.C. §2000e et. seq.; Ohio Revised Code §§4112.02(A) and 4112.02(I); and the common law of Ohio. At issue is the unwelcome sexual harassment of CAI's female employees, including the female plaintiffs among others, CAI's failure to take immediate and appropriate actions to correct the harassment, and it's termination of the three Plaintiffs for the actions they took to oppose the unlawful sexual harassment.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, and 1343(a)(3), which statutes confer jurisdiction for cases or controversies involving federal questions, generally, and the deprivation of civil rights, specifically.

3. This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because Plaintiffs' claims under Chapter 4112 of the Ohio Revised Code form part of the same case or controversy under Article III of the United States Constitution. Plaintiffs' state law claims share all common operative facts with their federal law claims, and the parties to the state law claims are identical to the parties to some of the federal claims. Resolving all state and federal claims in a single action serves the interests of judicial economy, convenience, and fairness to the parties.

4. Venue is proper in the Northern District of Ohio pursuant to Section 706(f)(3) of Title VII, 43 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §13919(b), because the unlawful actions giving rise to Plaintiff's claims occurred in this District.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

5. Each of the plaintiffs has exhausted the requisite administrative remedies. Copies of their "Right to Sue" letters are attached as Exhibits *A* (Porter), *B* (Stewart), and *C* (Parrish).

**GENERAL ALLEGATIONS OF FACT**

6. CAI is a corporation organized under the laws of the state of Ohio, headquartered in Defiance Ohio. CAI, as Defendant is referred to herein, is a registered fictitious name of Credit Adjustment, Inc.

7. CAI is in the debt collection business, an industry affecting interstate commerce, and boasts

of holding a contract with the U.S. General Services Administration and being a subcontractor for U.S. Department of Education.

8. CAI employs more than one hundred employees.

9. At all times relevant, Plaintiffs were employed by CAI, as telephone debt collectors.

10. Plaintiffs Kristen Porter and Ashley Stewart are both female.

11. On or about August 5, 2015, Kristen Porter was working a late shift, one that continued into the evening hours, at CAI's Defiance, Ohio facility.

12. The only other debt collector schedule that evening for work near Ms. Porter's work station or carrel was absent that evening; so she was relatively alone.

13. Adam Baker was also an employee of CAI working in the IT department at the time.

14. Adam Baker was also working the evening at issue.

15. Sometime after 5 p.m. that evening, after everyone else had left, Adam Baker took the carrel next to Ms. Porter's work station.

16. At some point, Ms. Porter turned to ask Baker a question and noticed that he did not appear to be working on the computer at the carrel next to her's but was instead viewing what appeared to be sexual material on the screen and had unzipped his pants, removed his penis, and was masturbating.

17. Shocked and uncomfortable, Ms. Porter averted her eyes and attempted to focus on her work.

18. Baker left the carrel only after grabbing what appeared to be a fast food cup into which he evidently ejaculated.

19. Ms. Porter told no one about what had happened to her until on or about August 12, 2015

when it was again her turn to work late. She told her co-worker, Plaintiff Ryan Parrish, who was scheduled to work with her, that evening–August 12.

20. Mr. Parrish was the other debt collector who had been scheduled to work but had been absent on the evening of August 5, 2015.

21. The following day, on or about August 13, 2015, Ms. Porter went to lunch with two female co-workers, including Plaintiff Ashley Stewart. Ms. Stewart noticed that Ms. Porter did not appear to be herself and pressed her to explain what was wrong.

22. Reluctantly, Ms. Porter explained the anxiety and discomfort that her coworkers had observed in her, confiding what Baker had done to her.

23. Baker exposed his genitalia to Ms. Stewart and/or touched himself inappropriately in her presence at work on several occasions prior to the incident with Ms. Porter, which behavior was both unwelcome and offensive to Ms. Stewart.

24. Prior to her August 13, 2015 lunch with Ms. Porter, Ms. Stewart had not reported Baker to anyone at CAI.

25. At the August 13, 2015 lunch, Ms. Stewart confided what Baker had done to her to Ms. Porter.

26. Also on or about August 13, 2015, Mr. Parrish reported the sexual harassment of Ms. Porter to his supervisor, Nick Dean.

27. Later that same day, Amy Bains, the Human Resources Manager for CAI called Ms. Porter into her office and in the presence of a male that Ms. Porter thought was a lawyer interrogated Ms. Porter about Baker.

28. By the way she conducted the interrogation, Ms. Bains gave Ms. Porter the impression

that no one believed her, or she was somehow at fault causing her to fear for her own job despite the unconvincing assurances by Bains and the lawyer that her job was not at risk.

.       29.  Ms. Porter also feared reprisals from Baker or his family as at least one member of Baker's family knew where she and her children live.

29.        30.  Ms. Porter was not entirely forthcoming about what Baker had done to her or in her presence during the August 13 interrogation as a result of her discomfort and fears,, but on or about August 17, 2015 she came forward, through her supervisor, Nick Dean.

30.        31.  On the evening of August 13, 2015, Mr. Parrish received an anonymous phone call threatening that he would be harmed if he returned to work the next day, and he did not.

31.        32.  On or about August 14, 2015, Ms. Bains interrogated Ms. Stewart.  Stewart told Bains what Baker had done to her in the past.

32.        33.  On or about August 19, 2015, CAI terminated all three plaintiffs, but did not sever ties with Mr. Baker.

**COUNT I**
**(Sexual Harassment/Discrimination)**
**[42 U.S.C. §2000e-2(a)(1) and Ohio Rev. Code §4112.02(A)]**

34.  Plaintiffs incorporate the averments of paragraphs 1-33 as if fully rewritten herein.

35.  Baker's exposure of his genitals, masturbation, and ejaculation in the work carrel next to Ms. Porter on August 5, 2015 was unwelcome.

36.  The harassing conduct was based on her gender, female.

37.  The harassing conduct was sufficiently severe or pervasive to affect the terms, conditions, or privileges of her employment in that it created an abusive working environment.

38.  Defendant, through its agents or supervisory personnel, knew or should have known of

the harassment and failed to take immediate and appropriate corrective action.

39. By acting as described, CAI acted with malice or with reckless disregard for Plaintiff Porter's rights under 42 U.S.C. §2000e-2(a)(1) and Ohio Rev. Code §4112.02(A), causing her to suffer severe emotional distress, anger, fear, anxiety, a loss of self esteem and confidence, embarrassment, mood changes, depression, feelings of humiliation and degradation, and entitling Ms. Porter to the relief prayed for below.

## COUNT II
### (Retaliatory Discharge)
### [42. U.S.C. §2000e-3(a) and Ohio Rev. Code §4112.02(I)]

40. Plaintiffs incorporate the averments of paragraphs 1-39 as if fully rewritten herein.

41. All three plaintiffs took actions in opposition to unlawful sexual harassment or what they reasonably believed to be unlawful sexual harassment.

42. CAI knew that their actions were an exercise of protected rights.

43. There was a causal connection between the protected activity and the termination of each of the three plaintiffs.

44. By acting as described, CAI acted with malice or with reckless disregard for all three plaintiffs' rights under 42. U.S.C. §2000e-3(a) and Ohio Rev. Code §4112.02(I), causing them a loss of wages and to suffer severe emotional distress, anger, fear, anxiety, a loss of self esteem and confidence, embarrassment, mood changes, depression, feelings of humiliation and degradation, and entitling them to the relief prayed for below.

## COUNT III
### (Discharge in Violation of Public Policy)

45. Plaintiffs incorporate the averments of paragraphs 1-44 as if fully rewritten herein.

46. A clear public policy existed and was manifested in a state or federal statutes, to wit: Title VII of the Civil Rights Act of 1964 and Chapter 4112 of the Ohio Revised Code that encourages persons with knowledge of sexual harassment to take actions to stop or prevent its occurrence.

47. The dismissal of employees under circumstances like those involved in the dismissal of the three plaintiffs in this case would jeopardize that public policy.

48. The plaintiffs' dismissal was motivated by conduct related to their actions taken to stop or prevent sexual harassment in the workplace.

49. CAI lacked any overriding legitimate business justification for the dismissal of the three plaintiffs.

50. By acting as described, CAI acted with malice or with reckless disregard for the described public policy, causing them a loss of wages and to suffer severe emotional distress, anger, fear, anxiety, a loss of self esteem and confidence, embarrassment, mood changes, depression, feelings of humiliation and degradation, and entitling them to the relief prayed for below.

## COUNT IV
### (Negligent Retention or Supervision)

51. Plaintiffs incorporate the averments of paragraphs 1-50 as if fully rewritten herein.

52. CAI was at all times relevant the employer of Adam Baker.

53. Baker was a person with a habit of exposing his genitals or sexual organs to female co-workers and/or to masturbating in their presence.

54. CAI knew or should have known of Baker's abnormal sexual behavior.

55. CAI failed to take action to protect the Plaintiffs Porter and Stewart from Bakers conduct.

56. As a proximate cause of CAI's failure to act, Plaintiffs Porter and Stewart suffered severe

emotional distress, anger, fear, anxiety, a loss of self esteem and confidence, embarrassment, mood changes, depression, feelings of humiliation and degradation, entitling them to the relief prayed for below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment as follows:  (a) ordering CAI to pay monetary damages in an amount sufficient to compensate Plaintiffs' for their lost wages in an amount to be determined at trial; (b) ordering CAI to pay compensatory damages to compensate Plaintiffs for their psychological injuries, pain and suffering;  ( c) ordering CAI to pay punitive damages;  (d) granting any injunctive relief as may be appropriate, including but not limited to reinstatement; (e) awarding costs and reasonable attorneys' fees; and (f) directing such other and further relief as the Court may deem proper.

          Respectfully submitted,

          Greenfield, Killam, & Frank, Ltd., by

            /s/ *Catherine H. Killam*
          Catherine H. Killam  (0023887)
          3450 W. Central Avenue, Suite 370
          Toledo, Ohio   43606
          Tele: (419) 724-8211 Fax: (419) 724-8214
          E-Mail:  ckillam@gkflaw.com

          *Counsel for Plaintiffs.*

**JURY DEMAND**

Plaintiffs demands a trial by jury on all issues triable by jury.

        Respectfully submitted,

        Greenfield, Killam, & Frank, Ltd., by

        /s/ *Catherine H. Killam*
        Catherine H. Killam  (0023887)
        3450 W. Central Avenue, Suite 370
        Toledo, Ohio   43606
        Tele: (419) 724-8211 Fax: (419) 724-8214
        E-Mail:  ckillam@gkflaw.com

        *Counsel for Plaintiffs.*

L:\CHK\Credit Adjustment\complaint.wpd